IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50347
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAFAEL FLORES-ESPARZA,
also known as Ralph Flores-Esparsa,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-174-1-FB
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Rafael Flores-Esparza appeals the sentence imposed following his conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326.  Flores-Esparza complains that the district court improperly sentenced him under 8 U.S.C. § 1326(b)(2) based on his prior deportation following an aggravated felony conviction.  He argues that the sentencing provision in 8 U.S.C. § 1326(b)(2) is unconstitutional. Alternatively, Flores-Esparza contends that 8 U.S.C. § 1326(a)

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and 8 U.S.C. § 1326(b)(2) define separate offenses.  He argues that the aggravated felony conviction that resulted in his increased sentence was an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment.  As a result, Flores-Esparza contends that he should have been sentenced only under the terms of 8 U.S.C. § 1326(a).  He argues that the three-year term of supervised release imposed in his case is not authorized under that statute.[1]

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47.  Flores-Esparza acknowledges that his arguments are foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and

---

[1] Because a maximum two-year term of imprisonment may be imposed for a violation of 8 U.S.C. § 1326(a), it is a Class E felony.  See 8 U.S.C. § 1326(a); 18 U.S.C. § 3559(a)(5).  An individual convicted of a class E felony may be sentenced to no more than one year of supervised release.  See 18 U.S.C. § 3583(b)(3).

citation omitted).  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.